CAUSE NO. 202103813

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 886732  TRACKING NO: 73833594
EML

| | |
|---|---|
| Plaintiff: | In The 270th |
| HERNANDEZ, LARRY | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| HOME DEPOT USA INC | Houston, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

**To:     HOME DEPOT USA INC (FOREIGN FOR-PROFIT CORPORATION) MAY BE SERVED THROUGH ITS
REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCORPORATING
SERVICE COMPANY**
**211 E 7TH STREET SUITE 620 AUSTIN, TX 78701**
**OR WHEREVER IT MAY BE FOUND**

Attached is a copy of: PLAINTIFFS ORIGINAL PETITION JURY DEMAND AND DISCOVERY REQUESTS

This instrument was filed on January 21, 2021 in the above cited cause number and court. The instrument attached describes
the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with
the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after
you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer
with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally
must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on January 22, 2021, under my hand and seal of said court.

Issued at the request of:                                                        *Marilyn Burgess*

NAVA, RICHARD JASON                                              Marilyn Burgess, District Clerk
4909 BISSONNETT ST SUITE 100                              Harris County, Texas
BELLAIRE, TEXAS 77401                                           201 CAROLINE  Houston Texas 77002
713-661-9900                                                            (PO Box 4651, Houston, Texas 77210)
Bar Number: 24083552



Generated By:DANCHELLE BURTON

**Exhibit B-2**

EML

Tracking Number: 73833594

## CAUSE NUMBER: 202103813

| | |
|---|---|
| PLAINTIFF: HERNANDEZ, LARRY | In the 270th |
| vs. | Judicial District Court of |
| DEFENDANT: HOME DEPOT USA INC | Harris County, Texas |

## OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment».  Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____          By_____
           Affiant                                                                                  Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared.  After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
Notary Public

**Exhibit B-2**

1/21/2021 2:28 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 4991165
By: D Burton
Filed: 1/21/2021 2:28 PM

# 2021-03813 / Court: 270

CAUSE NO. _____

| | | |
|---|---|---|
| LARRY HERNANDEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, T E X A S |
| | § | |
| HOME DEPOT U.S.A., INC. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND DISCOVERY REQUESTS

TO THE HONORABLE COURT:

COMES NOW, LARRY HERNANDEZ, Plaintiff, in the above entitled and numbered cause, and through his counsel of record files this Original Petition complaining of and against HOME DEPOT U.S.A., INC, Defendant herein, and for cause of action would respectfully show unto the Court and Jury the following:

### A. DISCOVERY CONTROL PLAN

1. Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff, LARRY HERNANDEZ, requests a Level 3 discovery control plan.

### B. PARTIES

2. LARRY HERNANDEZ is an individual residing in Fort Bend County, Texas.

3. Defendant HOME DEPOT U.S.A., INC. is a Foreign For-Profit Corporation doing business in Texas and may be served with process by serving its Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218, or wherever it may be found.

### C. JURISDICTION AND VENUE

4. Venue is proper in Harris County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code §15.001 *et seq.* because all or a substantial part of the events or omissions giving rise to the claim arose in

**Exhibit B-2**

Harris County, and because the Plaintiff or one or more defendants did then and do now reside in Harris County, Texas.  This Court has jurisdiction over the parties and subject matter hereof.

### D.  FACTS

5.      At all times material hereto, Defendant was the owner, manager, operator and/or occupier of the premises in question, specifically the premises known as Home Depot, located at 14440 Hillcroft, Houston, Harris County, Texas.  At all times material hereto, Defendant was in control of said premises.

6.      Whenever it is alleged in this Petition that Defendant did or failed to do any act or thing, it is meant that such commission or omission was performed or omitted by an agent, servant, representative, employee and/or manager of Defendant, and that in each instance the agent, servant, representative, employee and/or manager was then acting for and on behalf of Defendant and within the course and scope of his/her employment or within the authority delegated to him/her by Defendant.

7.      On or about December 6, 2018, while on Defendant's premises, located at 14440 Hillcroft, Houston, Harris County, Texas, Plaintiff, LARRY HERNANDEZ, suffered serious and permanent bodily injuries as a direct result of an occurrence caused by a dangerous condition on Defendant's premises that Defendant and/or its respective agents, servants and employees knew, or in the exercise of ordinary care should have known existed.  Specifically, Plaintiff had picked up some 2x6 when suddenly, as he grabbed one, a jagged splintered piece of wood became embedded in his left hand.  The incident and Plaintiff's resulting injuries and damages were directly and proximately caused by Defendant's negligence in failing to properly inspect a hidden danger and defective condition on Defendant's premises.  At all times material hereto, Plaintiff was an invitee on Defendant's premises.

-2-

**Exhibit B-2**

### E. NEGLIGENCE/PREMISES LIABILITY.

8.    The condition described above was negligently created and/or allowed to exist by Defendant, and Defendant negligently allowed it to persist without correcting it or adequately warning the public, including Plaintiff, of its presence.  Defendant was negligent in one or more of the following particulars, each of which, separately and/or concurrently, was a proximate cause of the occurrence in question and Plaintiff's resulting injuries and damages:

   a.    In negligently failing to provide Plaintiff a safe place to shop;

   b.    In negligently permitting a dangerous condition to exist in the area of the premises where Plaintiff was shopping;

   c.    In negligently permitting a dangerous condition to exist in the area of the premises where Plaintiff was shopping for an unreasonable amount of time;

   d.    In failing to inspect the area of the premises where the incident occurred to ensure its safety to patrons/invitees, including Plaintiff;

   e.    In failing to perform adequate, regular and/or timely inspections of the area of the premises where the incident occurred to ensure its safety to patrons/invitees, including Plaintiff;

   f.    In failing to adequately maintain the premises in question in a reasonably safe condition;

   g.    In failing to adequately and timely remove or remedy the dangerous condition as described above;

   h.    In failing to properly supervise and train its employees with regard to proper inspection of the store for the existence of dangerous conditions such as the one described above;

   i.    In failing to properly supervise and train its employees with regard to proper and timely removal of dangerous conditions, such as the one described above, existing on Defendant's premises;

   j.    In failing to follow Defendant's own policies with regard to inspection of the premises in question for dangerous conditions existing on Defendants' premises;

   k.    In failing to adequately warn Plaintiff of the unreasonably dangerous condition described above;

**Exhibit B-2**

l.    In failing to prevent the unreasonably dangerous condition described above from occurring or existing;

m.    In permitting the unreasonably dangerous condition described above to exist when Defendant knew or should have known of its existence and that it posed an unreasonable risk of bodily harm;

n.    In failing to inspect all boards to make sure there were no splinters before putting out for purchase; and

o.    In failing to exercise reasonable care to reduce or eliminate the risk posed by the unreasonably dangerous condition described above.

9.    Defendant had actual or constructive knowledge of the unreasonably dangerous condition described above and that it posed an unreasonable risk of bodily injury.

10.    In the alternative, Defendant reasonably should have known of the existence of and dangers posed by the unreasonably dangerous condition described above.

11.    Nothing Plaintiff did or failed to do caused or contributed to cause the incident in question or her resulting injuries and damages.

12.    Defendant's negligence described above directly and proximately caused the incident in question and Plaintiff's resulting injuries and damages.

F.RESPONDEAT SUPERIOR

13.    The person and/or persons who worked in the Defendant's store were agents, servants and/or employees of Defendant and were acting within the course and scope of their employment and in furtherance of Defendant's business when Plaintiff was at Home Depot.   As Such Defendant HOME DEPOT U.S.A., INC., is responsible for the conduct due to the master-servant relationship which existed, and under the doctrine of Respondeat Superior.

**Exhibit B-2**

## G. NO CONTRIBUTION

14.    Plaintiff, LARRY HERNANDEZ, would show that nothing he did, or failed to do, in any way contributed to this accident.

## H.. DAMAGES

15.    Due to the occurrence made the basis of this suit and the negligence of Defendant as set forth above, the Plaintiff sustained significant physical and debilitating injuries. Said elements of damage which Plaintiff seeks to recover from the Defendant include compensation for the following:

   a.    The physical pain and disability sustained by Plaintiff from date of injury to the time of trial;

   b.    Future physical pain and disability reasonably anticipated to be sustained by Plaintiff in the future;

   c.    Mental anguish and suffering sustained by Plaintiff from date of injury to time of trial;

   d.    Mental anguish and suffering which is reasonably anticipated to be suffered by Plaintiff in the future;

   e.    Loss of earnings sustained by Plaintiff from date of injury to time of trial;

   f.    Loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

   g.    Reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from date of injury to time of trial;

   h.    Reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

   i.    Past and future physical disfigurement; and

   j.    Past and future physical impairment.

16.    As such, Plaintiff affirmatively pleads that he seeks monetary relief aggregating over $250,000.00 but less than $1,000,000.

**Exhibit B-2**

## I. REQUEST FOR JURY TRIAL

17.    Plaintiff requests a jury trial.

## J. PRE-EXISTING INJURY

18.    In the alternative, Plaintiff, LARRY HERNANDEZ, would show that if any injury and/or condition from which he currently suffers was pre-existing, then such condition was aggravated, exacerbated, and/or made worse by the negligence of the Defendant herein.

## K. SUBSEQUENT INJURY

19.    In the alternative, Plaintiff, LARRY HERNANDEZ, would show that if he suffers from any subsequent injury and/or condition then such injury and/or condition was aggravated and/or exacerbated by the negligence of the Defendant herein.

## L. REQUEST FOR DISCLOSURE

20.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are hereby requested to disclose, within fifty (50) days of service of this document, the information or material described below.  Please serve your responses on counsel representing this Plaintiff, and produce true and correct copies of all documents and other tangible items with your responses, in accordance with Rule 194.4.

21.    Plaintiff requests disclosure of the following, pursuant to Rules 194.2:

    (1)    the correct names of the parties to the lawsuit;

    (2)    the name, address, and telephone number of any potential parties;

    (3)    the legal theories and, in general, the factual bases of Defendant's claims or defenses;

    (4)    the amount and any method of calculating economic damages;

    (5)    the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

**Exhibit B-2**

(6)     A copy-or a description by category and location-of all documents, electronically stored information, and tangible things that the Defendant has in its possession, custody or control, and may use to support its claims or defenses, unless the use would be solely for impeachment;

(7)     any indemnity and insuring agreements described in Rule 192.3(f);

(8)     any settlement agreements described in Rule 192.3(g);

(9)     any witness statements described in Rule 192.3(h);

(10)    in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(11)    in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party; and.

(12)    the name, address, and telephone number of any person who may be designated as a responsible third party.

## M. SPOLIATION

22.     Defendant is hereby requested to retain any and all witness statements, incident reports, photographs, facsimiles, email, voice mail, text messages, and any electronic image or information related to the referred incident and all investigative materials associated with this claim, together with all surveillance tapes/video of the premises on the date of this incident. Plaintiff further requests Defendant provide a copy of the surveillance video.

## N. PRAYER

23.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein, and that upon final trial hereof, Plaintiff recovers from said Defendant, a sum over $250,000.00 but less than $1,000,000, costs of Court, pre-judgment and post-judgment interest at the legal rate, and for any and all further relief, both general and special, legal and equitable to which Plaintiff may be justly entitled.

-7-

Exhibit B-2

Respectfully submitted,

**NAVA LAWGROUP, P.C.**

/s/ Richard Jason Nava

RICHARD JASON NAVA
SBN: 24083552
4909 Bissonnet St., Suite 100
713/661-9900
713/666-5922 Facsimile
Email: eserviceRJN@stern-lawgroup.com
**ATTORNEYS FOR PLAINTIFF**

-8-

**Exhibit B-2**

LEGAL DOCUMENT MANAGEMENT
5930 LBJ FREEWAY SUITE 307
DALLAS, TEXAS 75240





US POSTAGE
$07.80
First-Class
Mailed From 75240
01/25/2021
032A 0061855100

7020 2450 0000 2120 4560

CORPORATION SERVICE COMPANY
211 E. 7th STREET., #620
AUSTIN, TEXAS 78701

Exhibit B-2